IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CECIL RISER,

            Plaintiff,                     No. CIV S-05-1519 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

            Defendant.            ORDER

                                             /

          Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").  For the reasons discussed below, the court will grant in part plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, remand for immediate payment of benefits through August 27, 2002, and remand for further proceedings regarding the time period thereafter.

/////

/////

/////

/////

1

I. Factual and Procedural Background

In a decision issued May 27, 2005, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.  The ALJ found plaintiff has severe impairments of status post-right pelvis fracture secondary to gunshot wounds and possible early degenerative arthritis in the knees and ankles but these impairments do not meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff has the residual functional capacity to perform light work with certain postural limitations; plaintiff can perform his past relevant work as a recreation leader; and plaintiff is not disabled.  Administrative Transcript ("AT") 241-242.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

2

1    Plaintiff contends the ALJ improperly rejected the opinions of treating and consulting physicians

2    and in so doing improperly assessed the severity of his impairments, and the ALJ improperly

3    discredited plaintiff.

4    II.  Standard of Review

5           The court reviews the Commissioner's decision to determine whether (1) it is

6    based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

7    record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

8    Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).

9    Substantial evidence means more than a mere scintilla of evidence, but less than a

10   preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.

11   Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a

12   reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402

13   U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.

14   197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,

15   782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that

16   detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.

17   1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

18   supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

19   substantial evidence supports the administrative findings, or if there is conflicting evidence

20   supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see

21   Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

22   improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d

23   1335, 1338 (9th Cir. 1988).

24   III.  Analysis

25          Plaintiff contends the ALJ improperly rejected the opinion of his treating

26   physician, Dr. Pitman.  The weight given to medical opinions depends in part on whether they

3

1    are proffered by treating, examining, or non-examining professionals.  Lester v. Chater, 81 F.3d

2    821, 830 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating

3    professional, who has a greater opportunity to know and observe the patient as an individual.  Id.;

4    Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

5           To evaluate whether an ALJ properly rejected a medical opinion, in addition to

6    considering its source, the court considers whether (1) contradictory opinions are in the record;

7    and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a

8    treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81

9    F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be

10   rejected for "specific and legitimate" reasons that are supported by substantial evidence.  Id. at

11   830.  While a treating professional's opinion generally is accorded superior weight, if it is

12   contradicted by a supported examining professional's opinion (e.g., supported by different

13   independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d

14   1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In

15   any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical

16   findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory,

17   minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a

18   non-examining professional, without other evidence, is insufficient to reject the opinion of a

19   treating or examining professional.  Lester, 81 F.3d at 831.

20          In July and August 2002, plaintiff's treating physician, Dr. Pitman, opined in

21   separate functional questionnaires as to plaintiff's limitations.  AT 193-195, 197-198.  Dr.

22   Pitman also opined further regarding plaintiff's functional limitations in a letter dated July 17,

23   2002.  AT 199.  In the August questionnaire, dated August 27, 2002, Dr. Pitman concluded that

24   plaintiff was limited to less than the full range of sedentary work and was further limited to

25   working four hours per day.  AT 194-195.  The ALJ rejected Dr. Pitman's August 2002 opinion

26   as internally inconsistent and as inconsistent with her prior opinion of July 2002.  AT 240.  This

4

1  reason does not meet the standards set forth above.  A careful comparison of the two

2  questionnaires demonstrates no inconsistencies between the July and August opinions.  The

3  asserted internal inconsistency in the August opinion, wherein the doctor assessed functional

4  limitations consistent with sedentary work, AT 193, but opined to less than the full range of

5  sedentary work and limited to fours per day, AT 194-195, simply does not exist.  In section 13,

6  the doctor was addressing whether plaintiff could work an eight-hour day five days per week, not

7  whether in one eight-hour day plaintiff's functional limitations might allow for sedentary work.

8  AT 194.  Moreover, in light of the restrictions set forth in sections 7, 8 and 9 of the

9  questionnaire, the conclusion of Dr. Pitman that plaintiff was limited to less than the full range of

10  sedentary work is not inconsistent.  AT 194, 195.  In addition, Dr. Pitman set forth detailed

11  findings supporting her conclusions and the medical records support the limitations assessed due

12  to pain.  AT 199, 201-204, 286-288.

13          Where the ALJ "fails to provide adequate reasons for rejecting the opinion of a

14  treating or examining physician, [the court] credit[s] that opinion as a matter of law."  Lester v.

15  Chater, 81 F.3d 821, 834 (9th Cir. 1995).  The matter will therefore be remanded.  In this case,

16  however, remand for immediate payment of benefits for the entire time period at issue would not

17  be appropriate.  In finding plaintiff retained the capacity to perform light work, the ALJ relied on

18  the 2005 assessment of a consulting orthopedist, Dr. Dhaliwal.  AT 240, 315-320.  In the three

19  years intervening between Dr. Pitman's assessment and that of Dr. Dhaliwal, it is possible that

20  plaintiff improved to the point where the functional limitations assessed by Dr. Pitman in 2002,

21  and which on remand must be credited, are no longer so restrictive.  In formulating his opinion,

22  Dr. Dhaliwal did not have available for review records from 2003 and 2004, which the ALJ

23  acknowledged at hearing were particularly pertinent to proper evaluation of disability.  AT 315-

24  317, 339-340.  Those records contain entries that may have cast a different light on the

25  examination performed by Dr. Dhaliwal.  See, e.g., AT 272, 273, 278, 285.  Because of this

26  lacuna in the consulting orthopedist's review, on remand a further consult should be obtained and

1  all pertinent records should be provided to the examining physician so that a determination may

2  be made as to whether there was improvement in plaintiff's functional limitations after August

3  2002.

4         Plaintiff also challenges the ALJ's rejection of a physician's assessment of

5  plaintiff's mental ability to do work-related activities, dated February 22, 2005.  AT 309-311.

6  The ALJ rejected the marked limitations found by Dr. Garcia because no underlying records of

7  treatment or examination were provided.  AT 239.  However, it appears Dr. Garcia was

8  performing his assessment in the context of a consultative examination.  See AT 240.  While

9  comprehensive examination notes often are provided in conjunction with medical source

10 statements of the sort at issue here, cf. AT 312-320, Dr. Garcia provided on the medical source

11 statement his own observations of plaintiff's psychiatric presentation.  On remand, the ALJ

12 should further develop the record in this regard by either obtaining Dr. Garcia's underlying notes,

13 if any, or by obtaining a comprehensive consultative examination from a mental health

14 professional.[2]

15        For the foregoing reasons, this matter will be remanded under sentence four of 42

16 U.S.C. § 405(g) for remand for immediate payment of benefits through August 27, 2002 and

17 remand for further development of the record and further findings addressing the deficiencies

18 noted above for the time period after August 2002.

19 /////

20 /////

21 /////

22

---

23     [2] Plaintiff also challenges the ALJ's credibility finding.  Because the matter is being
   remanded for further proceedings, the court will not reach this argument.  However, on remand,
24 if plaintiff's testimony regarding his subjective complaints is discredited, the ALJ must, in the
   absence of affirmative evidence showing that plaintiff is malingering, set forth clear and
25 convincing reasons for rejecting plaintiff's testimony.  Morgan v. Commissioner of Social Sec.
   Admin., 169 F.3d 595, 599 (9th Cir. 1999).

26

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's motion for summary judgment is granted in part;

3    2.  The Commissioner's cross-motion for summary judgment is denied;

4    3.  This action is remanded to the Commissioner for immediate payment of

5 benefits through August 27, 2002; and

6    4.  This matter is remanded for further proceedings consistent with this order.

7 DATED:  March 28, 2007.

8

9 _____

10                    U.S. MAGISTRATE JUDGE

11

12 006
   riser2.ss

13

14

15

16

17

18

19

20

21

22

23

24

25

26

7